## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**Civil Case Number:** _____

|  |  |
|---|---|
| Kevin Wyatt, | : |
|  | : |
| Plaintiff, | : |
| vs. | : |
|  | : |
| Hunter Warfield, Inc., | : |
|  | : |
| Defendant. | : |
|  | : |

## COMPLAINT

For this Complaint, the Plaintiff, Kevin Wyatt, by undersigned counsel, states as follows:

## <u>JURISDICTION</u>

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## <u>PARTIES</u>

4.      The Plaintiff, Kevin Wyatt ("Plaintiff"), is an adult individual residing in Jacksonville, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5.      The Defendant, Hunter Warfield, Inc. ("Hunter Warfield"), is a Maryland business entity with an address of #700 7600 Wisconsin Avenue, Bethesda, Maryland 20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to  Hunter Warfield for collection, or  Hunter Warfield was employed by the Creditor to collect the Debt.

9.      Hunter Warfield attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Hunter Warfield Engaged in Harassment and Abusive Tactics

10.      In or around September 2019, Plaintiff called Hunter Warfield and verbally disputed the Debt allegedly owed by Plaintiff.

11.      However, Hunter Warfield failed to communicate to the credit bureaus that Plaintiff disputes the Debt.

12.      Therefore, Hunter Warfield continues to report false credit information on Plaintiff's credit report.

C.   **Plaintiff Suffered Actual Damages**

13.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

14.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15.     The Plaintiff incorporates by reference Paragraphs 1 through 12 of this Complaint as though fully stated herein.

16.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

17.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

18.     The Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant failed to report that the debt was disputed to the credit bureaus.

19.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

20.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

22.     The Plaintiff incorporates by reference Paragraphs 1 through 12 of this Complaint as though fully stated herein.

23.     The Defendant disclosed information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(6).

24.     The Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate or asserted the existence of some other legal right when such person knew that the right did not exist, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).

25.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat.§ 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 5, 2020

Respectfully submitted,

By      */s/ Matthew Fornaro*

Matthew Fornaro, Esq.
Florida Bar No. 0650641
Matthew Fornaro, P.A.
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (954) 324-3651
Facsimile: (954) 248-2099
E-mail: mfornaro@fornarolegal.com